**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1089-24

OSCAR PORTER,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

          Submitted May 7, 2026 – Decided July 15, 2026

          Before Judges Bishop-Thompson and Puglisi.

          On appeal from the New Jersey Department of Corrections.

          Oscar Porter, self-represented appellant.

          Jennifer Davenport, Attorney General, attorney for respondent (Janet Greenberg Cohen, Assistant Attorney General, of counsel; Christopher C. Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Oscar Porter, an inmate at East Jersey State Prison, appeals from a final agency decision of the Department of Corrections (DOC) imposing discipline for committing prohibited act *.203, possession or introduction of any prohibited substance such as drugs, intoxicants, or related paraphernalia not prescribed by medical or dental staff. Porter contends the decision was arbitrary, capricious, and unreasonable because the alleged prohibited substance was not confirmed by the state laboratory; and therefore, the evidence was insufficient to find him guilty of the infraction. For the reasons which follow, we reverse.

I.

On September 18, 2024, Correctional Police Officers C. Anastasio and M. Patella ordered Porter to exit his cell and conducted a pat-frisk. During the search, Officer Anastasio found three packages of rolling paper in Porter's left pocket. He also observed and retrieved three blue glove fingertip balloons from Porter's bed: two balloons contained "suspected" tobacco, and the third contained "suspected" marijuana. The rolling papers and balloons were photographed and confiscated. The officers then conducted a strip-frisk of Porter, but no additional contraband was found. After returning to Porter's cell, the officers found no further contraband. Porter's urinalysis specimen tested negative for prohibited substances.

A-1089-24

That same day, Porter was charged with committing prohibited act *.203. The following day, he was served with the disciplinary charge.

The initial hearing, scheduled for September 19, 2024, was adjourned to allow the Special Investigations Division (SID) to complete its investigation. The following week, an SID investigator received an email from a DOC employee that the MobileDetect field test conducted on the substance found in the third ballon tested positive for synthetic cannabinoids. However, no confirmatory test was performed by a state laboratory.

The hearing was held on October 8, 2025. Porter's request for counsel substitute was granted. In the single adjudication report covering both days of the hearings, the written findings by the same Disciplinary Hearing Officer (DHO) noted Porter declined to present any witnesses or cross-examine adverse witnesses and instead pleaded guilty to the charge. The counsel substitute argued the DOC did not send the substance to the state laboratory for confirmatory testing. Additionally, the counsel substitute highlighted Porter was attending school and requested leniency.

Based on the SID reports, the DHO upheld the disciplinary charge. The DHO then imposed the following sanctions upon Porter: 365 days of urine monitoring, a permanent loss of contact visits, a 120-day loss of commutation

3

time, a thirty-day loss of telephone privileges, a thirty-day loss of recreation privileges, a thirty-day loss of access to his email and JPay accounts, a thirty-day loss of canteen privileges, and 120 days in the Restorative Housing Unit.

Porter filed an administrative appeal challenging the disciplinary finding of guilt and the imposed sanctions, but the DOC affirmed the decision. Porter then appealed the final agency decision. We granted the DOC's motion to remand the matter in order to amplify the record, specifically regarding the evidence relied upon to find Porter guilty and the reasons for not obtaining a confirmatory laboratory test. Porter v. N.J. Dep't of Corr., Docket No. A-1089-24 (App. Div. Aug. 7, 2025).

The DOC conducted a re-hearing on September 3, 2025, during which Porter was again assisted by counsel substitute. The counsel substitute asserted the DOC violated Porter's due process. Porter pleaded not guilty and declined to make a statement, present witnesses, or cross-examine adverse witnesses.

A different DHO upheld the charge and imposed the same sanctions. The adjudication form included written findings supporting the decision, stating: the MobileDetect field test identified the substance; the substance was not sent to the state laboratory for a confirmatory test because it weighed less than six ounces; the SID investigator provided a professional opinion that the substance

was marijuana; and photographs of the rubber glove finger were included as evidence.

Porter filed another administrative appeal, asserting a violation of his due process rights. The DOC issued its second final agency decision upholding the DHO's findings and all sanctions. It explained the decision was based on substantial evidence in the record and the sanctions imposed were appropriate for the infraction. Porter's request for the reduction or suspension of the sanctions was denied.

II.

Porter contends the DOC's failure to follow the standard procedure— requiring investigation and evaluation of the substance by a state laboratory for confirmation as a controlled dangerous substance—warrants reversal of the guilty finding. He maintains that the finding was not supported by substantial credible evidence because the DOC did not establish the reliability of the field test. Porter asserts the DOC's refusal to submit the substance for confirmatory testing violated departmental policy and denied him his due process right to present exculpatory evidence.

Our review of a final agency decision is limited. Zimmerman v. Diviney, 477 N.J. Super. 1, 14 (App. Div. 2023). We do not substitute our judgment for

5

that of the agency and will not disturb the agency's determination unless it is arbitrary, capricious, or unreasonable, or is not supported by substantial credible evidence in the record. Allstars Auto Grp., Inc. v. N.J. Motor Vehicle Comm'n, 234 N.J. 150, 157 (2018). In making this determination, we consider in part "whether the record contains substantial evidence to support the findings on which the agency based its action." Id. at 157-58 (quoting In re Stallworth, 208 N.J. 182, 194 (2011)). "'Substantial evidence' means 'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Figueroa v. Dep't of Corr., 414 N.J. Super. 186, 192 (App. Div. 2010) (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)).

However, our review is not "perfunctory[,]" nor is "our function . . . merely [to] rubberstamp an agency decision." Id. at 191 (first quoting Blackwell v. Dep't of Corr., 348 N.J. Super. 117, 123 (App. Div. 2002); and then citing Williams v. Dep't of Corr., 330 N.J. Super. 197, 204 (App. Div. 2000)). Instead, "our function is 'to engage in a careful and principled consideration of the agency record and findings.'" Ibid. (quoting Williams, 330 N.J. Super. at 204).

Porter relies on our decision in Blanchard v. N.J. Dep't of Corr., 461 N.J. Super. 231 (App. Div. 2019) in making his contentions. He contends, under Blanchard, the DOC was required to submit the substance for confirmatory

6

testing by a state laboratory, and its failure to do so undermines the finding of guilt. The MobileDetect pouch states it is approved for "presumptive field drug testing" and results "should be confirmed using laboratory equipment."

In contrast, the DOC maintains that Porter's interpretation of <u>Blanchard</u> goes beyond the scope of our limited holding in that case. The DOC further asserts there is ample evidence in the record, including the additional reasons provided on remand, to support the finding of guilt.

In <u>Blanchard</u>, we held the DOC acted arbitrarily, capriciously, or unreasonably in denying the inmate's request for a confirmatory laboratory test. In reaching our conclusion, we considered four factors: (1) the field test's unproven reliability and the lack of evidence that a properly-trained special investigator performed the test; (2) the amount of evidence corroborating the claim the inmate possessed the drug; (3) the DOC's policy of routinely sending specimens for confirmatory testing, which recognized a field test's limitation and was "not unduly burdensome"; and (4) the DOC's failure to provide any reasoned explanation for refusing Blanchard's request for a confirmatory test. 461 N.J. Super. at 243-48. "[T]he test's reliability is pertinent to whether the agency has provided a fundamentally fair hearing, and met its burden of proof." <u>Id.</u> at 243.

A-1089-24

The DOC does not directly address the factors outlined in Blanchard. Based on our review of the record, three of the four factors are present in this matter.

Regarding the first factor, the record contains no information regarding the reliability or accuracy of MobileDetect, nor does it identify the officer who administered the field test. Although the written findings note the DHO relied on the SID investigator's professional opinion, no report documents an opinion that the substance was synthetic cannabinoids. Instead, the special custody and disciplinary reports, as well the inmate receipt and contraband seizure form, note the third ballon was suspected to contain marijuana.

Concerning the third factor, the DHO also considered an undated and unsigned handwritten note, which questioned whether a field test should be conducted, or whether the substance should be sent to the state laboratory, and requested pictures of the test results. The only documentation of testing was an email stating, "Inmate Porter Mobile[]Detect test (DSY) positive for [s]ynthetic [c]annabinoids." The DHO's written findings of the re-hearing did not address the request for either a confirmatory test or additional detail.

Finally, with respect to the fourth factor, the DOC did not provide any reasoned explanation for not submitting the substance for confirmatory testing.

A-1089-24

The record shows Porter, along with other inmates, requested to see a picture of the test results and sought additional details regarding the testing process. Based on the handwritten note, we infer sending the substance for confirmatory testing would not have been unduly burdensome for the DOC, as the DOC has sent substances to a state laboratory on prior occasions. In this matter, the DHO merely stated the substance weighed less than six ounces; but this assertion was not supported by any DHO policy or administrative directive.

The DOC maintains the non-routine cell search, the discovery of the rolling papers, and the third ballon containing "suspected" marijuana constitutes substantial credible evidence. The DOC's reliance on the positive field test and an undocumented "professional opinion" support the need for a confirmatory test to assure fundamental fairness. We are not persuaded the written findings are based on "such evidence as a reasonable mind might accept as adequate to support a conclusion." Id. at 238 (quoting Figueroa, 414 N.J. Super at 192). We therefore conclude the additional findings made by the DHO do not amount to substantial credible evidence supporting the finding of guilt.

Reversed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-1089-24